**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 19 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELVIN ANTONIO ROMERO-MONTEROSA,<br><br>            Petitioner,<br><br>   v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>            Respondent. | No.    18-70901<br><br>Agency No. A200-953-488<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2019[**]

Before:      LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Elvin Antonio Romero-Monterosa, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

The record does not compel the conclusion that Romero-Monterosa established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R § 1208.4(a)(4).

Substantial evidence supports the agency's determination that Romero-Monterosa failed to establish that he was or would be persecuted on account of his membership in a particular social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)). We lack jurisdiction to consider Romero-Monterosa's contentions regarding his resistance to gang recruitment as an imputed political opinion. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below). Thus, Romero-Monterosa's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because

18-70901

Romero-Monterosa failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government of El Salvador. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative); *Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013) (despite "troubling country reports," evidence did not compel the conclusion that it was more likely than not that the petitioner would be tortured upon return).

Finally, we reject Romero-Monterosa's contention that the immigration judge lacked jurisdiction over his case. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**